**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATHAN SMITH,

Plaintiff,

v.

ARCHAEA ENERGY INC., J. KYLE DERHAM, KATHRYN JACKSON, JOSEPH MALCHOW, SCOTT PARKES, DANIEL JOSEPH RICE, IV, NICK STORK, and JAMES TORGERSON,

Defendants.

Case No. ____________

**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

JURY TRIAL DEMANDED

Plaintiff Nathan Smith ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against Archaea Energy Inc. ("Archaea" or the "Company") and the members of Archaea's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell Archaea to BP Products North America Inc. ("BP") (the "Proposed Transaction").

2. On October 16, 2022, Archaea entered into an Agreement and Plan of Merger with its wholly owned subsidiary LFG Acquisition Holdings LLC ("Opco"), BP, and BP's wholly owned subsidiaries, Condor RTM Inc. ("Merger Sub") and Condor RTM LLC ("Opco Merger Sub") (the "Merger Agreement"). Pursuant to the Merger Agreement, Merger Sub will merge with and into the Company with the Company continuing as the surviving corporation and a wholly owned subsidiary of BP, and Opco Merger Sub will merge with and into Opco with Opco continuing as the surviving company and a wholly owned subsidiary of BP. Under the terms of the Merger Agreement, Company stockholders will receive $26.00 in cash for each Archaea common share.

3. On November 14, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Archaea stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor BofA Securities, Inc. ("BofA Securities"); and (iii) the background of the Proposed Transaction.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Archaea stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for Archaea stockholders to vote on the Proposed Transaction is currently scheduled for December 13, 2022. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Archaea's other shareholders to make an informed

decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District. Archaea's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of Archaea common stock.

10. Defendant Archaea is a Delaware corporation, with its principal executive offices located at 4444 Westheimer Road, Suite G450, Houston, Texas 77027. Archaea's shares trade on the New York Stock Exchange under the ticker symbol "LFG."

11. Defendant J. Kyle Derham ("Derham") has been a director of the Company at all relevant times.

12. Defendant Kathryn Jackson has been a director of the Company at all relevant times.

13. Defendant Joseph Malchow has been a director of the Company at all relevant times.

14. Defendant Scott Parkes has been a director of the Company at all relevant times.

15. Defendant Daniel Joseph Rice, IV ("Rice") has been Chairman of the Board and a director of the Company at all relevant times.

16. Defendant Nick Stork ("Stork") has been Chief Executive Officer and a director of the Company at all relevant times.

17. Defendant James Torgerson has been a director of the Company at all relevant times.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### **Background of the Company**

19. Archaea is one of the largest renewable natural gas ("RNG") producers in the U.S. with an RNG platform primarily focused on capturing and converting waste emissions from landfills and livestock farms into low-carbon RNG and electricity. As of September 30, 2022, Archaea owns, through wholly-owned entities or joint ventures, a diversified portfolio of landfill gas ("LFG") recovery and processing facilities across 20 states, including facilities that produce pipeline-quality RNG and LFG to renewable electricity production facilities.

### **The Proposed Transaction**

20. On October 17, 2022, Archaea announced that it had entered into the Proposed Transaction, stating, in relevant part:

> HOUSTON--(BUSINESS WIRE)-- Archaea Energy Inc. ("Archaea") (NYSE: LFG), an industry-leading renewable natural gas ("RNG") company, today announced that it has agreed to be acquired by bp (NYSE: BP) for $26 per Archaea Class A and Class B share in cash, or a total enterprise value of approximately $4.1 billion, including approximately $800 million of net debt. The cash consideration represents an approximately 38 percent premium to Archaea's volume weighted average share price for the 30 days ending October 14, 2022.
>
> Nick Stork, Chief Executive Officer and Co-Founder of Archaea, said, "Archaea was founded with a mission to build the world's leading RNG development company to reduce global emissions and make multi-generational sustainability impacts. In a very short period of time, we have rapidly become a leading RNG platform in the U.S., and today's announcement will further enable this business to realize its full potential. bp is a world-class partner and a strong fit for Archaea, with a strategic focus on bioenergy and an operational history in the RNG value chain that is fully aligned with ours and our partners'. We are excited to join them in our mission to increase the role of RNG in helping customers reach their long-term climate goals, and I look forward to our hard-working team joining the bp organization to help achieve their bioenergy objectives. I am incredibly proud of our employees at Archaea who have driven this tremendous value creation and will continue to push forward Archaea's drive to foster clean energy growth and promote domestic energy reliance."
>
> Daniel Rice, Chairman of Archaea's Board, said, "After a thorough review, our Board determined that combining Archaea's RNG assets and our strong development backlog with bp's existing bioenergy business and deep operational and financial resources is the best way to create a stronger platform to achieve Archaea's full potential, while maximizing value for our shareholders. Today's news would not be possible without the entire Archaea organization, our best-in-class employees and our industry partners."
>
> **Strategic Benefits for Archaea and its stakeholders**
>
> - bp provides Archaea access to unmatched, world-class platforms, capabilities, and capital resources for acceleration of its growth plans.
>
> - Archaea's business will be able to access bp's trading capabilities and broad customer base, further helping many of bp's customers achieve their decarbonization goals.
>
> - Archaea will be integral to bp's existing bioenergy business, which has established key positions in the segment and is one of bp's key transition

> growth engines, which is anticipated to further Archaea's growth into international markets.
>
> **Additional Transaction Details**
>
> Subject to regulatory approvals and Archaea shareholder approval, the parties are targeting closing the acquisition by the end of 2022. Certain existing Archaea shareholders, who collectively own approximately 27% of Archaea's outstanding shares, have agreed to vote their shares in favor of the transaction. Closing is not subject to any financing condition.
>
> Upon completion of the transaction, Archaea will operate as a subsidiary within bp and become part of the larger global organization.
>
> **Advisors**
>
> BofA Securities acted as financial advisor to Archaea and Kirkland & Ellis LLP acted as Archaea's legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

21. On November 14, 2022, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that Archaea stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor BofA Securities; and (iii) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Archaea's Financial Projections*

22. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

23. For example, with respect to the Company's "July Forecasts" and "September Forecasts," the Proxy Statement fails to disclose the line items underlying the calculation of: (i) Adjusted EBITDA; (ii) EBIT; (iii) Levered Free Cash Flow; and (iv) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning BofA Securities' Financial Analyses*

24. The Proxy Statement fails to disclose material information concerning BofA Securities' financial analyses.

25. With respect to BofA Securities' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the Company's terminal values; and (ii) the inputs and assumptions underlying the discount rates ranging from 10.75% to 13.25%.

26. With respect to BofA Securities' price targets analysis, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

27. With respect to BofA Securities' review of the estimated net asset value per share of the Company provided by Company management, the Proxy Statement fails to disclose: (i) a summary of the net asset value analysis performed; and (ii) a quantification of the inputs used to calculate the Company's net asset value per share.

*Material Omissions Concerning the Background of the Proposed Transaction*

28. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

29. For example, according to the Proxy Statement, defendants Stork, Derham, and Rice collectively hold approximately 22.1% of the voting power of the Company. *See* Proxy Statement at 87-88. Yet, the Proxy Statement fails to disclose whether the Board: (i) considered forming a special committee of independent directors to negotiate the terms of the Proposed Transaction; (ii) considered recusing defendants Stork, Derham, and Rice from Board meetings during which the Proposed Transaction was discussed; and (iii) implemented or discussed any measures to safeguard against any potential conflicts of interest.

30. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of the Company's Financial Advisor" and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Archaea will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

### Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Archaea

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Archaea is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on

the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Archaea within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Archaea and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Archaea, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: November 18, 2022

**ACOCELLI LAW, PLLC**

By * /s/ Richard A. Acocelli*

Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*